UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Ronald Ernesto Portillo Portillo, | Case No. 2:26-cv-000155-CDS-NJK |
| Petitioner | **Order Appointing Counsel and Directing Service** |
| v. | |
| Pamela Bondi, et al., | [ECF Nos. 1, 2] |
| Respondents | |

Petitioner Ronald Ernesto Portillo Portillo, an immigration detainee at the Nevada Southern Detention Center, has submitted for filing a pro se petition for writ of habeas corpus and motion for appointment of counsel. ECF Nos. 1-1, 2.

Portillo has also filed an application to proceed *in forma pauperis*. ECF No. 1. Finding that Portillo does not have the funds to pay the filing fee for this action, I will grant his application and waive the filing fee.

I find that appointment of counsel is in the interests of justice. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); 18 U.S.C. § 3006A. I will therefore grant Portillo's motion for appointment of counsel and appoint the Federal Public Defender for the District of Nevada to represent him.

Following a preliminary review of the petition, I will order Portillo's petition served on the respondents and order the respondents to appear and file a response.

IT IS THEREFORE ORDERED that the petitioner's application to proceed *in forma pauperis* **[ECF No. 1] is GRANTED**. Petitioner will not be required to pay the filing fee for this action.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to separately file the petition for writ of habeas corpus (ECF No. 1-1).

IT IS FURTHER ORDERED that the petitioner's motion for appointment of counsel **[ECF No. 2] is GRANTED.** The Federal Public Defender for the District of Nevada (FPD) is appointed to represent the petitioner. If the FPD is unable to represent the petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. In either case, counsel will represent the petitioner in all federal court proceedings relating to this matter, unless allowed to withdraw.

IT IS FURTHER ORDERED that the Clerk of Court is kindly directed to electronically serve upon the FPD a copy of this order and a copy of the petition (ECF No. 1-1). The FPD has until February 4, 2026, to file a notice of appearance or to indicate to the Court their inability to represent the petitioner.

IT IS FURTHER ORDERED that that the Clerk of Court is kindly directed to:

1. **DELIVER** a copy of the petition (ECF No. 1-1) and this order to the U.S. Marshal for service.

2. **ADD** the United States Attorney for the District of Nevada to the docket as an interested party.

3. **SEND**, through CM/ECF, a copy of the petition (ECF No. 1-1) and this order to the United States Attorney for the District of Nevada at sigal.chattah@usdoj.gov, summer.johnson@usdoj.gov, veronica.criste@usdoj.gov, and caseview.ecf@usdoj.gov, in accordance with Federal Rule of Civil Procedure 5(b)(2)(E).

4. **MAIL** a copy of the petition (ECF No. 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to:

    (a)    Pamela J. Bondi, Attorney General of the United States, 950 Pennsylvania Avenue, NW, Washington, DC, 20530

    (b)    John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave. Pahrump, NV 89060

IT IS FURTHER ORDERED that the U.S. Marshal **SERVE** a copy of the petition (ECF No. 1-1) and this order on the United States Attorney for the District of Nevada or on an Assistant United States Attorney or clerical employee designated by the United State Attorney pursuant to Rule 4(i)(1)(A)(i) of the Federal Rules of Civil Procedure.

IT IS FURTHER ORDERED that counsel for the respondents file a notice of appearance by February 4, 2026, and file and serve their response to the petition by February 11, 2026, unless additional time is allowed for good cause shown. The petitioner will have 7 days following the filing of the response to file a reply.

IT IS FURTHER ORDERED that the respondents must not transfer the petitioner out of this district, with the exception of effectuating the petitioner's lawful deportation. *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").

Dated:  January 27, 2026

_____
Cristina D. Silva
United States District Judge

3