UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Ronald Ernesto Portillo Portillo,

               Petitioner

v.

Pamela Bondi, et al.,[1]

               Respondents

Case No. 2:26-cv-00155-CDS-NJK

**Order Denying Notice of Noncompliance**

[ECF No. 18]

On March 23, 2026, this court granted Ronald Ernesto Portillo Portillo's petition for writ of habeas corpus and ordered a bond hearing. Order, ECF No. 16. That order did not, however, explicitly require his immediate release if bond is granted. *Id.* Rather, it granted Portillo Portillo's requested relief: a bond hearing. *See* ECF No. 13 at 7. In turn, he filed a notice of noncompliance that again challenges his detention—this time on the grounds that he did not receive a proper bond hearing. Notice, ECF No. 18.[2] On March 27, 2026, he received that bond hearing, and the Immigration Judge (IJ) ordered him to be released under a bond of $15,000.00. IJ Order, Resp'ts' Ex. A, ECF No. 20-1 at 2. Because he has not posted bond, he remains detained. ECF No. 20. The notice of noncompliance is fully briefed,[3] and a hearing on the matter was held on April 10, 2026.

As stated at the hearing, I decline to grant the relief requested in the notice of noncompliance because the respondents did not violate my March 23rd order. But I do order the immigration judge to review the bond order that has been issued to provide more information regarding why Portillo Portillo was given a bond and other release conditions, or if necessary, to hold a second bond hearing to ensure a constitutionally compliant bond hearing. *See Martinez v.*

---

[1] Because Pamela Bondi is no longer the U.S. Attorney General, the Clerk of Court is directed to substitute Todd Blanche, Acting Attorney General, in her place as the named respondent going forward.
[2] I construe his notice as a motion seeking relief by way of releasing the petitioner and holding an emergency hearing on the IJ's bond heading and bond determination. ECF No. 18 at 8.
[3] Resp., ECF No. 20; Reply, ECF No. ECF No. 21.

*Clark*, 124 F.4th 775, 781 (9th Cir. 2024) (citing the nine factors set forth in *In re Guerra*, 24 I.&N. Dec. 37, 40 (BIA 2006) that an IJ can consider when determining if an alien is a danger to the community or a risk of flight). In doing so, I rely on *Hernandez v. Sessions*, 872 F.3d 976 (9th Cir. 2017), and find that the immigration judge's findings do not provide sufficient evidence as to why the bond was set for $15,000.00, given that the government failed to demonstrate, by clear and convincing evidence, that the petitioner is either a risk of flight or a danger to the community.

In *Hernandez*, the Ninth Circuit explained that when an immigration court sets bond, it must consider "the detainees' financial circumstances, as well as of possible alternative release conditions," to "ensure that the conditions of their release will be reasonably related to the governmental interest in ensuring their appearance at future hearings[.]" *Hernandez*, 873 F.3d at 990–91. "A bond determination process that does not include consideration of financial circumstances and alternative release conditions is unlikely to result in a bond amount that is reasonably related to the government's legitimate interests." *Id.* at 991. Such a bond hearing does not pass constitutional muster, as the Fifth Amendment's Due Process Clause demands "adequate procedural protections to ensure that the government's asserted justification for physical confinement outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Id.* at 990. "By maintaining a process for establishing the amount of a bond that . . . fails to consider the individual's financial ability to obtain a bond in the amount assessed or to consider alternative conditions of release, the government risks detention that accomplishes 'little more than punishing a person for his poverty.'" *Id.* at 992 (citation omitted).

The respondents argue that petitioner is not entitled to relief because he was given a bond hearing as ordered, noting that this court's order did not require immediate relief if bond was granted. ECF No. 20 at 1. And at the April 10, 2026 hearing, the respondents also argued that the petitioner must seek relief with the Board of Immigration Appeals (BIA) before seeking relief with this court. But counsel for the respondents then said that the petitioner waived his

right to appeal the immigration judge's decision. That waiver is a sufficient basis for this court to waive the prudential exhaustion requirement. *See Hernandez*, 872 F.3d at 988. So, too, is the futility posed by the pursuit of administrative remedies in this case. *Id.*; *see also id.* at 989 (finding that requiring appeal to the BIA would be futile because the BIA has repeatedly "concluded that an alien's ability to pay the bond amount is not a relevant bond determination factor"). Finally, this court has jurisdiction to review the immigration court's order because it raises legal and constitutional claims that are colorable. *See Hernandez*, 872 F.3d at 987–88. And upon review of the immigration court's order, I find it deficient under *Hernandez* because, as noted above, the immigration court found that DHS failed to show by clear and convincing evidence that the petitioner should be detained due to his substantial risk of danger to the community or risk of flight. IJ Order, ECF No. 20-1 at 3. Despite this determination, the immigration court summarily set his bond for $15,000.00. It did so without explaining why that amount was necessary in light of the petitioner's financial conditions and the possibility of alternative release conditions, as required by *Hernandez.* By failing to consider the petitioner's financial ability to obtain bond in the amount of $15,000.00 or to explicitly consider alternative conditions of release, the order might amount to a punishment for his financial condition. As such, the petitioner's bond determination does not pass constitutional muster.

To satisfy due process, the immigration court must revisit its bond determination to correct the order's contradicting statements and clarify the court's reasons for arriving at $15,000.00. *See, e.g.*, ECF No. 20-1 at 3 (finding that DHS failed to show "by clear and convincing evidence that the respondent is a danger to the community"); *id.* ("The respondent presents a substantial risk of flight. However, this Court does not find that the DHS has established by clear and convincing evidence that he should remain detained, given their ability to impose alternatives to detention."); *id.* (summarily determining that "bond in the amount of $15,000 plus alternatives to detention is sufficient to ensure the respondent's cooperation with immigration authorities pending the outcome of his immigration proceedings").

Conclusion

IT IS HEREBY ORDERED that the petitioner's notice of noncompliance **[ECF No. 18]** is **DENIED.**

IT IS FURTHER ORDERED that the immigration court must amend its bond determination—and, if necessary, hold a second bond hearing—to explain the reasons for the $15,000.00 bond and detail what was considered in reaching that determination by April 17, 2026. The parties are ordered to provide a copy of that amended order (and hearing, if held) with the court by 5:00 p.m. on April 21, 2026.

IT IS FURTHER ORDERED that the parties must appear for a status hearing at 11:00 a.m. on April 23, 2026, in LV Courtroom 6B.

The Clerk of Court is kindly instructed to substitute Pamela Bondi with Todd Blanche.

Dated: April 10, 2026

_____
Cristina D. Silva
United States District Judge

4